IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| PATTON INTERNATIONAL, INC., | ) |
| and PATRICK BENARD, | ) |
| | ) |
| Defendants. | ) |

# VERIFIED COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, and in support of its Verified Complaint (the "Complaint"), states as follows:

# PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), at all relevant times, was and is a national banking association with its main office in Chicago, Cook County, Illinois. At all times, Plaintiff was and is authorized to transact business in the State of Georgia.

2. Defendant, Patton International, Inc. ("Borrower"), is a California corporation with its principal place of business in Alpharetta, Georgia. Borrower can be served with process through its registered agent, Patrick Benard, at 104 Arbor Green Trail, Alpharetta, Georgia 30004.

1

3. Defendant, Patrick Benard ("Guarantor" and together with Borrower, the "Defendants"), is an individual domiciled within, and a citizen of, the State of Georgia and may be served with process at 104 Arbor Green Trail, Alpharetta, Georgia 30004.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. This Court has personal jurisdiction over the Defendants as Borrower is a California corporation operating a business within Georgia, and Guarantor is an individual residing and operating a business in the State of Georgia.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Borrower's principal place of business is located in Fulton County, Georgia, and Guarantor is operating a business in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

9. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

## The Agreement

10. On or about April 19, 2019, Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "<u>Agreement</u>") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (the "<u>Collateral</u>"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit A**.

11. Plaintiff performed all of its obligations under the Agreement and did, in fact, finance Borrower's purchase of the Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Agreement.

12. Pursuant to the Agreement, Borrower granted Plaintiff a first-priority security interest in the Collateral. In summary, the Collateral consists of the following vehicle (including any other attachments, accessions, substitutions, or replacement parts): One (1) 2019 XL Specialized 110 HDG (S/N: 4U3J05330KL017833) with a 2020 XL Specialized Flip Axle (add on) (S/N: 4U3S00511LL019059).

13. Plaintiff properly perfected its security interest in the Collateral by possessing the Certificate of Title and recording its interest as First Lienholder

thereon. A true and correct copy of the Certificate of Title for the Collateral is attached hereto and incorporated herein as **Exhibit B**.

14. Guarantor guaranteed the full and timely performance of Borrower under all its present, and future obligations to Plaintiff and its affiliates, successors, and assigns (the "Guaranty"). A true and correct copy of the Continuing Guaranty dated April 19, 2019 in favor of Plaintiff and its affiliates, successors, and assigns evidencing the Guaranty is attached hereto and incorporated herein as **Exhibit C**.

15. Under the terms and conditions of the Agreement, failure to make a payment when due is considered an event of default. *See* Exhibit A, ¶ 5.1(a).

## Default under the Agreement

16. Borrower is in default under the Agreement for its failure to pay the amounts due thereunder.

17. More specifically, Borrower failed to make for the February 1, 2020 payment due under the Agreement. Borrower's default is continuing, and Borrower has failed to make subsequent payments due under the Agreement.

18. Guarantor is in default under the Guaranty.

19. Guarantor failed to make payment when payment became due under the Agreement. Guarantor's default under the Agreement and Guaranty is continuing.

20. As a result of Defendants' defaults under the Agreement and Guaranty, Plaintiff elected to accelerate the balance due under the Agreement and declare the entire indebtedness owed pursuant to the Agreement immediately due and payable. As of the date of acceleration, the principal amount due and owing under the Agreement was $87,686.48.

21. Plaintiff made demand upon Borrower and Guarantor to pay the amounts due and owing under the Agreement and Guaranty and to surrender possession of the Collateral.

22. In addition, on or about February 22, 2021, Plaintiff provided Defendants with written notice of Plaintiff's election to accelerate the balance due under the Agreement and again made demand for possession of the Collateral. True and correct copies of the notices sent to Defendants on February 22, 2021 are attached hereto and incorporated herein as **Exhibit D**.

23. Under the Agreement, Borrower is obligated to pay interest at the contract rate set forth therein on any unpaid amounts due thereunder and, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 1/2%) per month or the maximum rate not prohibited by applicable law. *See* Exhibit A, at ¶ 5.3. Interest is calculated on a 360 day year consisting of twelve 30 day months. *See* Exhibit A, at 1.

24. In addition, under the Agreement, Borrower is obligated to pay late charges and other fees due under the Agreement. *See* Exhibit A, at PAYMENT SCHEDULE.

25. In addition, under the Agreement, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral. *See* Exhibit A, at ¶ 5.2.

26. Under the terms of the Agreement, after an event of default, Borrower is obligated to pay the attorneys' fees and costs incurred by the lender in the enforcement of its rights under the Agreement. *See* Exhibit A, at ¶ 5.2.

27. Under the Guaranty, Guarantor is obligated to pay all amounts due and owing by Borrower to Plaintiff under the Agreement, without limitation. *See* Exhibit C.

28. Calculated as of February 19, 2021, the amount due and owing under the Agreement, including accrued interest and fees, but not including attorneys' fees and expenses or cost of collection is an amount not less than $99,856.24.

29. Pursuant to the Agreement, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

30. Plaintiff notified Defendants of their defaults under the Agreement and Guaranty and made demand that Borrower surrender possession of the Collateral to

Plaintiff and that Defendants pay the amounts due under the Agreement and Guaranty.

31. Despite express demand, Defendants have failed or refused to pay the amounts due and owing under the Agreement and the Guaranty to Plaintiff.

32. Despite express demand, Borrower has failed or refused to return possession of the Collateral described in the Agreement.

33. The Agreement and Guaranty expressly provide that the parties unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

34. Plaintiff has performed any and all conditions and obligations required of it under the Agreement and the Guaranty.

35. All conditions precedent to the institution of this action have been performed, excused or have occurred.

## COUNT I
## INJUNCTIVE RELIEF

36. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

37. Borrower continues to possess and utilize, or is capable of utilizing, the Collateral.

38. On any given day, the Collateral is located, or is capable of being located, in diverse places throughout the United States.

39. The Collateral depreciates and deteriorates as a result of their continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

40. Borrower has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

41. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (C) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Borrower and other persons and firms having knowledge of the injunction be temporary, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b. Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c. Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

d. Plaintiff be granted such other and further relief as shall be equitable.

## COUNT II
## TROVER

42. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

43. This claim is brought pursuant to Rule 64 of the Federal Rules of Civil Procedure and O.C.G.A. § 44-12-150 *et seq.*

44. Plaintiff is lawfully entitled to possession of the Collateral by virtue of the Agreement.

45. Upon information and belief, and without the opportunity for inspection and for purposes of setting bond only, Plaintiff estimates the fair market value of the Collateral to be approximately $31,750.00.

46. The Collateral continues to be located and used at the business address of Borrower, 104 Arbor Green Trail, Alpharetta, Georgia 30004, but the Collateral may not be located at such addresses at any given time due to the mobile nature of the Collateral.

47. Borrower has failed and defaulted under the terms of the Agreement by failing to make payments as agreed.

48. Accordingly, pursuant to the terms of the Agreement, Plaintiff is entitled to take immediate possession of the Collateral.

49. The property claimed by the Plaintiff has not been taken for tax, assessment or fine levied under any law, or seized under any execution or attachment against the goods and chattels of Plaintiff liable to execution.

50. Borrower has possession of and wrongfully detains the property from Plaintiff in Fulton County, Georgia.

51. Plaintiff has incurred attorneys' fees and costs and is entitled to the expenses of retaking and selling its security, including reasonable attorneys' fees, under the authority of the Agreement and applicable law.

52. By reason of the foregoing, Plaintiff is entitled to and demands a judgment directing Borrower to immediately surrender to Plaintiff possession of the Collateral.

WHEREFORE, Plaintiff requests that:

    a. The Court enter an order granting the issuance of a writ of possession in favor of Plaintiff and awarding Plaintiff possession of the Collateral;

    b. Plaintiff be awarded a judgment against Defendants for the value of the Collateral, if not delivered;

    c. Plaintiff be awarded a judgment against Defendants for damages for retention of the Collateral;

   d. Plaintiff be granted such other and further relief as shall be equitable.

## COUNT III
## BREACH OF CONTRACT

53. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

54. The Agreement represents a written contract between Borrower and Plaintiff.

55. Plaintiff performed all of the obligations required of it under the Agreement.

56. Borrower breached the contract by failing to make required payments due under the Agreement.

57. As a result of Borrower's breach, Plaintiff has exercised its right to accelerate the unpaid balance due under the Agreement.

58. Plaintiff has made demand upon Borrower, but Borrower has failed to tender the same in satisfaction of the indebtedness.

59. As a result, Plaintiff has been damaged by Borrower's failure or refusal to remit payment due under the Agreement.

60. Pursuant to the terms of the Agreement, Borrower is obligated to indemnify Plaintiff for any reasonable costs, including attorney's fees, that Plaintiff incurs in enforcing its rights under the Agreement. Plaintiff has already incurred

HB: 4821-1897-4684.3

attorney's fees and costs and will continue to incur such fees and costs throughout the proceedings.

61. Borrower has waived its right to a jury trial.

62. For the reasons set forth above, Borrower is liable to Plaintiff for Borrower's breach of contract, plus interest accruing each day and costs of collection, plus all reasonable attorney's fees and costs incurred in this matter, less any net proceeds received from the Collateral.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreement, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

## COUNT IV
## BREACH OF GUARANTY

63. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

64. Guarantor executed and delivered to Plaintiff the written Guaranty evidencing Guarantor's obligations.

65. Plaintiff relied on the Guaranty in financing Borrower's purchase of the Collateral.

66. Plaintiff made demand upon Guarantor to satisfy Borrower's obligations to Plaintiff; however, Guarantor has failed or refused to honor his obligations under the Guaranty.

67. By breaching the Guaranty, Guarantor has damaged Plaintiff.

68. The Guaranty provides that Guarantor shall pay to Plaintiff all reasonable attorneys' fees and costs and expenses incurred in connection with any indebtedness Borrower fails to pay under the Agreement.

69. Plaintiff has incurred and continues to incur expenses in its efforts to collect this debt, including attorneys' fees and costs.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Agreement and Guaranty, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated: February 25, 2021.                    Respectfully Submitted,

*s/ K. Chris Collins*
K. Chris Collins
Georgia Bar No. 637828
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500
(423) 266-5499 (fax)
Chris.Collins@huschblackwell.com
***Attorneys for BMO Harris Bank N.A.***

## **VERIFICATION**

I, Nolan Broadie, declare:

1. I am employed by BMO Harris Bank N.A. ("Plaintiff"), as a Litigation Specialist and maintain an office at 3925 Fountains Blvd. NE, Suite 105, Cedar Rapids, Iowa.

2. Plaintiff is the owner of the account of Patton International, Inc. ("Borrower"). I am over the age of eighteen years old and authorized to make this Verification on behalf of Plaintiff.

3. I am charged with administering Plaintiff's account with Borrower and am one of the custodians of the business records and credit files relating to the accounts of Borrower with Plaintiff. I certify that such documentation is maintained by Plaintiff in the ordinary course of its business and as a regular practice.

4. I have read the foregoing Verified Complaint and based upon personal knowledge and the business records of Plaintiff verify that the facts stated in it are true.

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true, to the best of my knowledge and belief.

Dated: February 25, 2021

_____
Nolan Broadie

HB: 4821-1897-4684.3